[No. 2816.  Decided February 15, 1898.]

THE STATE OF WASHINGTON *on the Relation of Ronald C. Crawford, Appellant,* v. E. H. EVENSON, *Auditor of King County, Respondent.*

COST BILLS IN MISDEMEANOR CASES — BY WHOM TO BE APPROVED.

Under Bal. Code, §§ 393, 472 and 1630, it is the duty of the county auditor to draw warrants in payment of costs in misdemeanor cases, which have been approved by the prosecuting attorney and certified by the judge trying the case, and it is unnecessary that such cost bills should be presented to the county commissioners for examination and allowance in order to authorize the auditor to issue his warrants thereon.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge.  Reversed.

*John B. Gordon,* and *John E. Humphries,* for appellant.

*James F. McElroy,* and *Walter S. Fulton,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was a mandamus proceeding to compel the county auditor of King county to issue a warrant for the payment of certificates for costs in a misdemeanor case.  A demurrer was filed to the petition, which was sustained by the lower court;  so that the question for investigation here is, Should the cost bill have been presented to the board of county commissioners for examination and allowance before the county auditor would have authority to issue warrants thereon?  It is alleged in the petition that the cost bill had been duly approved by the prosecuting attorney and certified by the judge of the court trying the case.  There are three acts to construe in this case.  Sec-

39—18 WASH.

tion 393 of Ballinger's Code (1 Hill's Code, § 182), a section in relation to county auditors, is as follows: ·

" He shall audit all claims, demands and accounts against the county which by law are chargeable to said county, except such cost or fee bills as are by law to be examined or approved by some other judicial tribunal or officer. Such claims as it is his duty to audit shall be presented to the board of county commissioners for their examination and allowance. For claims allowed by the county commissioners, as also for cost bills and other lawful claims duly approved by the competent tribunal designated by law for their allowance, he shall draw a warrant on the county treasurer, made payable to the claimant or his order," etc.

Section 472 of Ballinger's Code (1 Hill's Code, § 233) is as follows:

" .   .   . It shall be the duty of the prosecuting attorneys elected under this chapter to carefully tax all cost bills in criminal cases arising in their respective counties, and they shall take care that no useless witness fees are taxed as part of such cost, and that the officers authorized to execute process tax no other or greater fees than the fees allowed by law; Provided, that if they are not present at the trial of any criminal case, before any justice of the peace, and the cost bill in such case is lodged with the county commissioners for such payment, the said prosecuting attorney shall have the right to receive and retax the same, and it is made his duty so to do, if the board of county commissioners deem the bill exorbitant or improperly taxed."

It would seem that these two sections would plainly establish the right and duty of the prosecuting attorney to pass upon the cost bill in question, but the respondent maintains that they are to be construed in connection with section 1630 of the same code (2 Hill's Code, § 1382a), which provides that

" In all convictions for felony, whether capital or punishable by imprisonment in the penitentiary, the clerk of the superior court shall forthwith, after sentence, tax the

costs in the case.   The cost bill shall be made out in tripli-
cate, and be examined by the prosecuting attorney of the
county in which the trial was had.   After which the judge
of the superior court shall allow and approve such bill or
so much thereof as is allowable by law."

And the succeeding section (Bal. Code, § 1631, 1 Hill's
Code, § 3053) further provides, in brief, that the cost bill
is to be transmitted to the state and county auditors, who
shall respectively draw warrants for the amount due each
person as certified in the said cost bills.   It is the conten-
tion of the respondent in this case that the provisions for
allowance of cost in section 393 referred to the cost bills
mentioned in section 1630, and that costs incurred in in-
ferior courts or in the trial of misdemeanors, are not con-
templated in section 393, that the duty of the prosecuting
attorney, as provided in section 472, is merely advisory,
and that it is the lawful duty of the county commissioners
in cases other than felonies to pass upon the cost bills; but
we do not think this contention can be sustained.   Section
393, as we have seen, makes it the duty of the county
auditor to draw a warrant on the county treasurer for the
payment of cost bills duly approved by the competent tri-
bunal designated by law for their allowance, and section
472 is as direct and positive in its commands to the prose-
cuting attorney to tax cost bills in cases of this kind as are
the provisions of section 1630;   in fact, they are more ex-
plicit and particular.   In addition to this the section pro-
vides not only that it is the duty of the prosecuting attor-
ney to receive and examine the claim, if it has been filed
with the board of county commissioners and they deem the
bill exorbitant or improperly taxed, but the law provides
that the said prosecuting attorney, when he is not present
at the trial of any criminal case before a justice of the peace,
shall have the right to receive and retax the same, and
this provision is made without any regard to the will of

the board of county commissioners whatever. It seems to us that, under the plain provisions of this statute conferring the right upon, and making it the duty of, the prosecuting attorney to examine claims and tax costs in cases tried before a justice of the peace, there is no question that such cost bills, when so examined and approved and duly presented to the county auditor, should be received by him and acted upon as cost bills requiring the issuance of warrants under the provisions of section 393.

The judgment will be reversed.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.